***NOT FOR PUBLICATION***

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD CONNORS,<br><br>              Plaintiffs,<br><br>    v.<br><br>WAL-MART STORES INC. (d/b/a WALMART), WAL-MART STORE NUMBER 6369; SAM'S WEST, INC. (d/b/a SAM'S CLUB); and JOHN DOES 1-5, and ABC CORP 1-5 (names of persons and/or entities presently unknown who are responsible for the ownership and/or leasing, operation, control, supervision, management, maintenance, repair, inspection, and/or construction of the premises where Plaintiff fell),<br><br>              Defendants. | Civil Action No. 17-9390(FLW)<br><br>OPINION |

**WOLFSON, Chief Judge:**

In this case, Plaintiff Richard Connors ("Plaintiff") sues Sam's East, Inc. ("Defendant") for injuries arising from Defendant's alleged negligence. Specifically, Plaintiff's Complaint alleges that Plaintiff sustained injuries to his knees and rotator cuff as a result of Defendant's negligence in maintaining its premises at a Sam's Club. In the instant motion, Defendant moves for summary judgment on the issues of breach of duty and comparative negligence. For the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment on the issue of breach of duty, and Plaintiff's claim is dismissed.

I.     **FACTS & PROCEDURAL HISTORY**

The following facts are drawn from Defendant's Stipulation of Undisputed Material Facts ("SUMF").[1] On April 15, 2017, a clear, sunny, and dry day, Plaintiff visited Defendant's Sam's Club store located in Edison, New Jersey. SUMF ¶¶ 5, 10. Outside the store entrance was a metal advertisement sign measuring approximately three feet tall and two feet wide, with black legs at its base differing in color from the concrete floor underneath. Id. at ¶¶ 8, 22. The sign was positioned next to a flower display and approximately three feet to the right of the entrance door marked "Welcome." Id. at ¶ 9. The sign did not block any portion of the entranceway.[2] Id. at ¶ 16. According to Sam's Club Merchandise Manager, Peiping Mao, the sign was neither broken nor damaged. Id. at ¶ 20. Additionally, in the eight years working at the Edison, New Jersey Sam's Club, he was unaware of any other person other than the Plaintiff ever falling over this sign or any other such sign. Id. at ¶ 28. Plaintiff claims this sign as the source of his injuries after tripping and falling over it. Id. at ¶ 5.

The morning of the accident, Plaintiff parked his car and approached the Sam's Club store in a straight line from the left side of the parking lot towards the main entrance of the store

---

[1]     Plaintiff has incorporated by reference Defendant's Stipulation of Undisputed Material Facts. However, pursuant to Local Civil Rule 56.1(a), Plaintiff, as the opponent of the summary judgment motion, should have furnished this Court in its "opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." Because Plaintiff does not dispute any of the underlying facts, the Court will deem them admitted.

[2]     See Br. Supp. Def.'s Mot. Summ. J. Ex. H, at P-2-7. Defendant has attached photographs that depict where the sign was placed outside of the Sam's Club at issue. Importantly, Plaintiff does not dispute that these pictures are a fair and accurate representation of the sign's placement at the time of the incident.

marked "Welcome." Id. at ¶¶ 10-11, 15.  After arriving at the entrance door, Plaintiff paused for a second for the door to open.  Id. at ¶ 17. When it failed to open, he realized it was closed and inoperative.  Id. at ¶¶ 6, 11, 17.  Plaintiff subsequently looked to his right, at which time he saw the exit door and the flower display.  Id. at ¶¶ 17-18.  He proceeded walking towards the entranceway on the right side of the building and the automatic door marked "Exit."  Id. at ¶ 17.  As he walked past the main entrance door, at approximately 8:00 am that morning, Plaintiff tripped and fell over the advertisement sign's leg.  Id. at ¶¶ 5-6, 10-11, 17.  Plaintiff acknowledged not seeing the sign and that the sign was not defective.  Id. at ¶¶ 18, 21.  Rather, his complaint was over what he believed to be the sign's misplacement.  Id. at ¶ 21.

Plaintiff admitted visiting this particular Edison, New Jersey, Sam's Club on several prior occasions, and using the same entrance he attempted to use on the date of the accident.  Id. at ¶ 22.  While aware that Sam's Club uses advertisement signs like the one involved in his accident, Plaintiff testified he does not look at them.  Id. at ¶ 24.

Sam's Club has green bollards in front of the store entrance.  Id. at ¶ 25.  Store personnel places nothing in front of the bollards (the space between bollards and the parking lot), thereby ensuring a clear pathway for pedestrian travel.  Id.  While they place advertisement signs behind the bollards in front of the middle bay door, because this door is covered and is not used as a customer entranceway, they never place advertisement signs in front of the "Welcome" or "Exit" doors.  Id. at ¶¶ 26-27.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." Fed. R. Civ. P. 56(c).  A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Anderson, 477 U.S. at 248.  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538, (1986); Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

The party moving for summary judgment has the initial burden of showing the basis for its motion.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial."  Id. at 331.  On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."  Id.  Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions,

answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324; see also Matsushita, 475 U.S. at 586; Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999).  In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  Anderson, 477 U.S. at 249. Credibility determinations are the province of the factfinder.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

There can be "no genuine issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322-23.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323; Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992).

**III.   DISCUSSION**

Under New Jersey law, in negligence cases, the "plaintiff must establish that defendant breached a duty of reasonable care, which constituted a proximate cause of plaintiff's injuries." Keith v. Truck Stops Corp., 909 F.2d 743, 745 (3d Cir. 1990) (citing Brown v. Racquet Club of Bricktown, 95 N.J. 280 (1984)).

The primary facts of this case are largely undisputed and straightforward.  On April 15, 2017, a clear and sunny day, Plaintiff injured himself when visiting Defendant's store.  SUMF ¶¶ 5, 10; Pl.'s Br. Opp'n Def.'s Mot. Summ. J. 4-5.  As Plaintiff approached the store, he discovered the main entranceway was closed and out of operation.  SUMF ¶11.  After looking to his right, Plaintiff walked to the building's right-side door.  Id.  As he did so, he tripped and fell

5

over the black metal legs from an advertisement sign. SUMF ¶¶ 5-6, 8-9. On these facts, the Court must determine the duty of care owed to Plaintiff, whether Defendant breached that duty, and whether Plaintiff's injuries resulted from that breach. In short, the issue is whether Plaintiff has established a *prima facie* case of negligence, such that there is a genuine issue of material fact with respect to Defendant's alleged negligent conduct. The Court concludes that Plaintiff has failed to do so.

A business proprietor "owes a duty of reasonable care to those who enter the premises upon [an] invitation [for business purposes] to provide a reasonably safe place to do that which is within the scope of the invitation." Keith, 909 F.2d at 745 (quoting Butler v. Acme Mkts., Inc., 89 N.J. 270, 275 (1982)); Monaco v. Hartz Mt. Corp., 178 N.J. 401, 414-15 (2004). This duty encompasses an obligation to maintain the business premises in a reasonably safe manner for the benefit of the invitees. Stelluti v. Casapenn Enterprises, LLC, 203 N.J. 286, 306-07 (2010) ("It is well recognized that the common law imposes a duty of care on business owners to maintain a safe premises for their business invitees because the law recognizes that an owner is in the best position to prevent harm. . . . [T]he law recognizes that for certain activities conducted by operation of some types of business, particularly those that pose inherent risks to the participant, the business entity will not be held liable for injuries sustained 'so long as [the business] has acted in accordance with 'the ordinary duty owed to business invitees, including exercise of care commensurate with the nature of the risk, foreseeability of injury, and fairness in the circumstances.'"). Similarly, a business owner must "not create any condition which renders the premises dangerous." O'Shea v. K Mart Corp., 304 N.J. Super. 489, 492-93 (App. Div. 1997). Here, as a customer visiting Defendant's store on April 15, 2017, Plaintiff was within the scope

6

of the Defendant's invitation, and therefore, was owed a duty of reasonable care and an expectation that the premises were safely maintained.

However, this duty of reasonable care is not limitless. Rather, "to the invitee or business guest . . . a landowner owe[s] a duty of reasonable care to guard against any dangerous conditions on his or her property that the owner either knows about or should have discovered. That standard of care encompasses the duty to conduct a reasonable inspection to discover latent dangerous conditions." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993). Additionally, "[n]ot every property condition on which persons can hurt themselves is unreasonably dangerous or hazardous. If ordinary persons who are likely to encounter a condition may be expected to take reasonable care without further warnings, and if the condition is plainly visible with no unusual features and in a place where they would naturally look for it, then the condition is not unreasonably dangerous." Braboy v. United States, No. 16-3105, 2018 U.S. Dist. LEXIS 71636, at *13 (D.N.J. Apr. 30, 2018) (quoting Robertson v. Cousins Wholesale Produce, Inc., No. A-0515-08T2, 2010 N.J. Super. Unpub. LEXIS 1656, at *8 (App. Div. July 20, 2010)).

In this case, the advertisement sign that Defendant tripped and fell over was neither broken, defective, nor damaged. SUMF ¶ 19-21. It did not block any portion of the store's entranceways. Id. at ¶¶ 25-27. Furthermore, the store manager was unaware of any person in the past eight years falling over this particular sign or any other such signs. Id. at ¶ 28; Maran v. Victoria's Secret Stores, LLC, 417 F. Supp. 3d 510, 522 (D.N.J. 2019) ("Generally, a proprietor's duty to his invitee is one of due care under all the circumstances. Ordinarily, an invitee seeking to hold a business proprietor liable in negligence must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous

7

condition that caused the accident.") (citations omitted; internal quotation marks omitted).  Based on the undisputed facts, the Court determines that no reasonable jury could find that the Defendant had actual or constructive notice of the sign as a dangerous condition.  See Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013) ("The absence of [actual or constructive] notice is fatal to plaintiff's claims of premises liability," and "[t]he mere existence of an alleged dangerous condition is not constructive notice of it.").

Nevertheless, even when a party lacks direct evidence supporting how the mechanism of injury arose, liability may nonetheless attach when "there was circumstantial evidence from which a jury could reasonably conclude that defendant was negligent in failing to maintain its premises in a reasonably safe condition for a business invitee."  Keith, 909 F.2d at 745.  In that regard, Plaintiff claims it is the sign's misplacement, protruding leg, and shadow obscuring that leg that caused his accident.  SUMF ¶ 21; Pl.'s Br. Opp'n Def.'s Mot. Summ. J. 5-6.  At the outset, I note that it is Defendant's store policy not to place signs or any other obstructions in front of the bollards (the space between bollards and the parking lot) to ensure a clear pedestrian pathway.  SUMF ¶ 25.  Rather, advertisement signs are placed behind the bollard in front of the middle bay door because this is not a customer entranceway.  Id. at ¶ 26.  The advertisement sign at issue was not placed in front of the "Welcome" or "Exit" doors.  Id.  It was, instead, placed off of the pedestrian walkway, next to the flower display, where no ordinary pedestrian reasonably would have walked.

Indeed, Defendant's placement of the advertisement sign in front of its store is part of its regular and normal business practice.  SUMF ¶ 26.  Plaintiff, himself, admits that he was aware that the store uses such advertisement signs in this manner, although he concedes that he does not look at them.  Id. at ¶ 24.  There is no doubt that the very purpose and function of these

8

storefront signs, and their strategic placement, is such that they may be viewed by consumers as they enter the store. The sign was plainly visible, similar to the ones present during Plaintiff's previous visits to the store and was placed in a similar location. SUMF ¶¶ 23-27. The sign and its placement were conditions of the store that Plaintiff, like any other ordinary person visiting the store, was likely to encounter. Id. Therefore, Plaintiff, like any other ordinary consumer, should have taken reasonable care to avoid coming into direct contact with it.

Simply because Plaintiff tripped and fell over the subject sign does not make the sign's existence or its placement in this case unreasonably dangerous or hazardous as a matter of law. Braboy, 2018 U.S. Dist. LEXIS 71636, at *13; see also Mendler v. Aztec Motel Corp., No. 09-2136, 2011 U.S. Dist. LEXIS 140928, at *19-20 (D.N.J. Dec. 7, 2011) (concluding that the plaintiff's mere allegation a towel bar's placement was hazardous insufficiently probative of its danger and the defendant's liability because the towel bar was commonly placed and evidence did not exist of prior injuries from the towel bar similar to the one incurred by the plaintiff ). Nor does the fact that Plaintiff fell during his visit to Defendant's store diminish the sign's plain visibility, the appropriateness of its placement, or lessen the expectation that Plaintiff should have taken reasonable care as he walked to avoid this particular injury. Accordingly, the Court concludes that no reasonable jury could find that a dangerous condition existed, or was created, from Defendant's placement of its advertisement.

In conclusion, based on the undisputed facts, Plaintiff has failed to prove a prima facie case of negligence and demonstrate the presence of a genuine issue of material fact. As such, summary judgment is warranted. Plaintiff has not adduced sufficient evidence for a reasonable finder of fact to conclude that Defendant's alleged breach of the duty to maintain its premises

safely proximately caused Plaintiff's injuries.  As a result, the Court need not address the issue of Plaintiff's comparative negligence.  Defendant's Motion for Summary Judgment is granted.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiff has failed to meet his burden of demonstrating a genuine issue of material fact exists that Defendant's negligence caused Plaintiff's injuries.  The Court therefore GRANTS Defendant's Motion for Summary Judgment.


**DATED**:  June 3, 2020                                             /s/         Freda L. Wolfson
                                                                                        Freda L. Wolfson
                                                                                        U.S. Chief District Judge